IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-105-FL

| | |
|---|---|
| MICHAEL TODD WADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on plaintiff's motion for judgment on the pleadings (DE 18) and defendant's motion to remand (DE 24). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and remand to defendant for further consideration or award of benefits. Plaintiff timely filed objections to the M&R, to which defendant filed a response, and the issues raised are ripe for ruling. For reasons noted, the court adopts the M&R, denies plaintiff's motion, grants defendant's motion, and remands to defendant for further proceedings.

**BACKGROUND**

On June 23, 2014, plaintiff filed an application for disability insurance benefits and supplemental insurance benefits, alleging disability beginning March 31, 2013. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held May 18, 2016, and supplemental hearing held on July 18, 2016, issued a partially favorable decision, finding that plaintiff "was not disabled prior to June 7,

2015, but became disabled on that date and has continued to be disabled through the date of this decision." (DE 12 at 20). The Appeals Council denied plaintiff's request for review on January 12, 2017, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed this action seeking judicial review of that portion of the ALJ's decision finding no disability prior to June 7, 2015.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build

an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 31, 2013. At step two, the ALJ found that plaintiff had the following severe impairments: history of right (non-dominant) hand surgeries; right (non-dominant) carpal tunnel syndrome, status post release; bipolar disorder; an anxiety disorder; and borderline intellectual functioning.[1] At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that prior to June 7, 2015, plaintiff had the residual functional capacity ("RFC") to perform light work, except he could frequently handle and finger with the non-dominant hand, with the following restrictions: could perform goal-oriented rather than production-oriented work (i.e., the performance of work tasks in allotted time is more important than the pace at which the work tasks are performed); understand, remember, and perform work tasks of a complexity consistent with or less than GED Reasoning Level 02 (as defined in the Dictionary of Occupational Titles ("DOT")); could perform work that involves routine tasks (i.e., no more than occasional changes in core work duties); could have superficial interaction with the general public (speaking with the public is not a core requirement of the job); could have superficial

---

[1] The ALJ also found that plaintiff, as of June 7, 2015, had the additional severe impairment of stroke.

interaction with supervisors and coworkers (speaking with them is not a core requirement of the job).[2]

At step four, the ALJ concluded plaintiff was unable to perform his past relevant work as a press operator. At step five, the ALJ determined that prior to June 7, 2015, jobs existed in the national economy that plaintiff could have performed perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act prior to June 7, 2015.

B.  Analysis

Defendant argues remand is the proper action in this case where further fact finding is required as to plaintiff's functional limitations from March 31, 2013 to June 6, 2015. Defendant states that

> Specifically, upon remand, the Appeals Council will instruct the [ALJ] to re-evaluate the opinions of Nancy Winfrey, Ph.D.; as necessary, reassess the claimant's maximum residual functional capacity; and, if warranted by the expanded record, obtain supplemental vocational expert evidence to clarify the effect of the assessed limitations on the claimant's ability to perform other work in the national economy. The ALJ will offer the claimant the opportunity for a new hearing, take any further action necessary to complete the administrative record and issue a new decision on the period prior to June 7, 2015.

(DE 24 at 1).[3] Defendant also notes that the "ALJ's failure to evaluate Dr. Winfrey's opinion regarding Mr. Ward's functional limitations was harmful because Dr. Winfrey's opined limitations were more restrictive than the limitations contained in the RFC for the period in which the ALJ found Mr. Ward not disabled." (DE 29 at 2).

---

[2] The ALJ determined that as of June 7, 2015, the date plaintiff suffered a stroke, plaintiff had the RFC to perform sedentary work except his capacity to sustain concentration, persistence, and pace fell below the required to sustain competitive work. The ALJ thus adjudicated plaintiff disabled as of that date. (See DE 12 at 25, 37). The parties do not dispute this determination.

[3] Nancy Winfrey, Ph.D. is a vocational expert who the ALJ requested to testify as to plaintiff's medical status from March 31, 2013 to June 7, 2015 at plaintiff's supplemental hearing. (DE 12 at 24, 97, 99).

Plaintiff opposes remand and seeks an award of benefits, arguing that the uncontroverted evidence demonstrates he meets Listing 12.04 and/or Listing 12.06 due to his major depressive disorder and anxiety disorder. (DE 19 at 14, DE 28 at 4).[4]

The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." Breeden v. Weinberger, 493 F.2d 1002, 1012 (4th Cir.1974). Where, however, the ALJ fails to explain his reasoning or the medical evidence is controverted, remand rather than reversal is the appropriate remedy. Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013).

Plaintiff has not provided the court uncontroverted evidence in the record supporting a finding of disability from the alleged onset date, March 31, 2013 to June 7, 2015.

Plaintiff argues before this court, as he did before the magistrate judge, that the uncontroverted evidence of his need for electroconvulsive therapy fulfills the requirements of marked limitations in maintaining social functioning and concentration, persistence or pace under paragraph B of Listings 12.04 and 12.06. (DE 28 at 2).[5] Plaintiff's only support for this argument is testimony offered by Dr. Winfrey, who stated that when a person undergoes electroconvulsive

---

[4] The listings consist of impairments, organized by major body systems, that are deemed sufficiently severe to prevent a person from doing any gainful activity. 20 C.F.R. § 404.1525. Therefore, if a claimant's impairments meet or medically equal a listing, that fact alone establishes that the claimant is disabled. Id. § 404.1520(d). Generally, to meet or equal Listing 12.04 or 12.06 for a mental disorder, a claimant must satisfy criteria under both paragraph "A" and "B" of the particular listing. Here, the ALJ found that plaintiff met the criteria under paragraph A but not paragraph B. (DE 12 at 27-28).

[5] Plaintiff's doctor, M. Blakely Beitzel, "recommended on October 20, 2014 and every appointment thereafter, due to his refractory symptoms and extensive mediation trials proving ineffective, that Electroconvulsive Therapy would be a good treatment option. His therapist also concurred that ECT would be appropriate next step in treatment. I made this recommendation a total of eight appointments." (DE 15 at 157). Plaintiff testified before the ALJ that he wanted electroconvulsive therapy, but did not have insurance. (DE 12 at 70).

therapy, this is often indicative that the person has marked limitations in concentration, persistence or pace and social functions (DE 12 at 115). However, Dr. Winfrey also testified that plaintiff did not meet paragraph B of Listings 12.04 and 12.06. (See id. at 107). Therefore, the court finds that plaintiff has not offered uncontroverted evidence showing plaintiff met paragraph B of Listings 12.04 or 12.06.

Additionally, as pointed out by the magistrate judge, electroconvulsive therapy was not recommended as a course of treatment until a year and a half after plaintiff's alleged onset date. (See DE 15 at 157). Therefore, there is an additional factual dispute as to whether plaintiff met the listing through the alleged period of disability.[6]

Accordingly, the court agrees with defendant that remand is warranted, but not solely regarding plaintiff's functional limitations. The court finds remand is warranted additionally concerning whether plaintiff's major depressive disorder and anxiety disorder has fulfilled the requirements of paragraph B of Listings 12.04 or 12.06 from March 31, 2013 to June 6, 2015. Plaintiff has argued consistently that defendant's findings with respect to the paragraph B criteria are not supported by substantial evidence. Defendant did not address plaintiff's argument raised in his motion for judgment on pleadings, and has taken the position only that remand was warranted

---

[6] Plaintiff argues that because the ALJ found that plaintiff's condition improved from the alleged onset date until the time of recommendation for electroconvulsive therapy, this finding supports a logical inference that there is no issue of fact as to whether plaintiff met the requirements listings throughout the entire period at issue. (DE 28 at 3). This argument hinges on the assumption that listing 12.04 and 12.06 are met when a person is prescribed electroconvulsive therapy. As stated above, the court finds that plaintiff has not offered uncontroverted evidence in support of this proposition. See Radford, 734 F.3d at 296 (citations omitted) ("Just as it is not our province to 'reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ],' . . . it is also not our province—nor the province of the district court—to engage in these exercises in the first instance.").

concerning plaintiff's functional limitations.[7] Following plaintiff's renewed argument in briefing on objections before this court, defendant again did not address this argument, stating only that the evidence that plaintiff satisfied the listings is controverted, as opposed to supported by substantial evidence, and thus remand is warranted. (See DE 29 at 2). It appears that defendant does not dispute that defendant's findings with respect to paragraph B criteria are not supported by substantial evidence.

Accordingly, the court finds remand is warranted concerning whether plaintiff's major depressive disorder and anxiety disorder has fulfilled the requirements of paragraph B of Listings 12.04 or 12.06 from March 31, 2013 to June 6, 2015 and as to plaintiff's functional limitations.

**CONCLUSION**

Based on the foregoing, and upon de novo review of the administrative record, the court ADOPTS the findings, analysis, and recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 18) is DENIED, defendant's motion for remand under sentence four of 42 U.S.C. § 405(g) (DE 24) is GRANTED, and this action is remanded for further administrative proceedings which shall include reconsideration of whether plaintiff's major depressive disorder and anxiety disorder has fulfilled the requirements of paragraph B of either Listings 12.04 or 12.06 and, if needed, reconsideration of plaintiff's functional limitations. The clerk is DIRECTED to close this case.

---

[7] Thus the magistrate judge stated that "[t]he Commissioner does not appear to dispute that Plaintiff meets the paragraph A criteria or that the Commissioner's findings with respect to the paragraph B criteria are not supported by substantial evidence." (DE 27 at 4).

SO ORDERED this the 5th day of March, 2018.

                                        LOUISE W. FLANAGAN
                                        United States District Judge